In the Matter of the MARRIAGE OF Steven Hiram COMBS and Martha Jane Combs and In the Interest of William Steven Combs, A Minor Child.

No. 07–97–0052–CV.

Court of Appeals of Texas, Amarillo.

Oct. 21, 1997.

Rehearing Overruled Nov. 24, 1997.

Dunn & Walker, Jonette M. Walker, Lubbock, for appellant.

Carr Fouts Hunt & Wolfe LLP, Gary M. Bellair, Donald M. Hunt, Lubbock, for appellee.

Before BOYD, C.J., and QUINN and REAVIS, JJ.

REAVIS, Justice.

By a sole point of error, appellant Steven Hiram Combs (Steven) contends the trial court erred in ordering him to pay spousal maintenance to Martha Jane Combs (Martha) in the decree of divorce signed November 1, 1996. By five cross-points, appellee, Martha contends that: (1) the trial court erred in failing to make findings of fact and conclusions of law, (2) the trial court abused its discretion in dividing the marital estate because the evidence supporting the property division is legally insufficient, (3) if we hold the award of spousal maintenance is error, the cause should be remanded to the district court for a new determination of a "just and right" division of the marital estate, (4) the trial court abused its discretion in rendering a possession order which deviates from the "standard possession" order, and (5)

the trial court abused its discretion when it imposed greater restrictions on Martha's right to possession of, or access to, the minor child than are necessary to protect the "best interest of the child." Based upon the following rationale, we affirm in part and reverse and remand in part.

Steven and Martha were married in 1981 and by 1982 Martha had been diagnosed with multiple sclerosis (MS). On August 8, 1988, one minor child, William Steven Combs, was born of the marriage. Despite her MS, Martha continued teaching school until her MS finally forced her to cease teaching in 1994. During the marriage, Steven entered medical school and at the time of trial, he was a third year medical student with education related debts of approximately $70,000.00. Also at the time of trial, Martha was confined to a wheelchair, was residing with her parents in Plano, Texas, and was receiving specialized medical care. The record indicates that she was receiving $80.00 per month as social security benefits and $450.00 per month as teacher retirement.

Steven filed his original petition for divorce on July 10, 1995, and Martha's original answer, which included (1) a general denial and (2) a request for reasonable attorneys fees, was filed on July 18, 1995. Thereafter, on October 26, 1995, Martha filed her original counterclaim for divorce alleging that the marriage had become insupportable because of discord, conflict of personalities and cruel treatment. Martha also sought to be appointed sole managing conservator of their minor child and requested that Steven be ordered to pay child support. In addition to requesting a division of the estate, Martha expressly sought spousal maintenance pursuant to Texas Family Code Annotated Section 3.9602(2) (Vernon Supp.1997). Martha alleged that she was unable to support herself because of her MS and requested that the court order Steven to pay her spousal maintenance for an indefinite period. Steven filed a general denial to Martha's counterclaim.

A jury being waived by both Steven and Martha, the case was submitted to the trial court on July 3, 1996, and the court signed its decree of divorce on November 1, 1996. By the decree of divorce, Steven was appointed sole managing conservator of their minor child and Martha was appointed possessory conservator. In relevant part, the decree of divorce contained a finding that Martha had insufficient property to provide for her minimum reasonable needs and was unable to support herself due to her MS. Because Martha was unable to support herself, and because the trial court also found that the parties had been married for more than ten years, it ordered Steven to pay Martha $450.00 per month in spousal maintenance for an indefinite period of time. Martha timely requested that the trial court make findings of fact and conclusions of law and, when the trial court failed to do so, she timely gave notice of past due findings of fact and conclusions of law.[1] However, the trial court never made any findings of fact or conclusions of law.

■ By his sole point contention, Steven urges that the trial court erred in ordering spousal maintenance because the divorce action at issue here was commenced before the effective date of the statute authorizing spousal maintenance. See Tex. Fam.Code Ann. § 3.9602 (Vernon Supp.1997). Because the action was commenced before the effective date of the statute authorizing spousal maintenance, we sustain Steven's point of error.

During the thirty years prior to 1995, the Texas Legislature considered a variety of proposals for spousal alimony and maintenance upon divorce.[2] Prior to the adoption of Texas Family Code Section 3.9601 et. seq., which became effective September 1, 1995,[3] the award of either post-divorce alimony or spousal maintenance was impermissible under the laws and public policy of the State of Texas. See Reed v. Reed, 813 S.W.2d 716, 718 (Tex.App.—El Paso 1991, no writ).

1. See Tex.R. Civ. P. 297.

2. See Joseph W. McKnight, Family Law, 49 SMU L.Rev. 1015, 1053, (1996).

3. See Act of June 13, 1995, 74th Leg., R.S., ch. 655, § 10.03 1995 Tex. Gen. Laws 3543, 3580.

Steven contends that because he filed his original petition for divorce on July 10, 1995, the "action" originally commenced before September 1, 1995, and was governed by the law which was in effect at that time and, consequently, the trial court did not possess the legal authority to make the award of spousal maintenance. The uncodified transition provision contained in the 1995 Act authorizing spousal maintenance supports Steven's contention and provides in relevant part that:

(a) Except as provided by Subsection (b) of this section, Sections 10.01 and 10.02 of this article take effect September 1, 1995, and apply only to an action filed on or after that date.

(b) Section 10.02 of this article does not apply to an action filed on or before January 1, 1997, if a prior suit for dissolution of a marriage between the parties was non-suited by the spouse seeking maintenance on or after January 1, 1995, and on or before August 31, 1995.

(c) An action to which Section 10.02 of this Article does not apply is governed by the law in effect at the time the action was filed, and that law is continued in effect only for that purpose. (Emphasis added). Act of June 13, 1995, 74th Leg., R.S., ch. 655, § 10.03 1995 Tex. Gen. Laws 3543, 3580 .

In *Ex Parte Casey*, 944 S.W.2d 18 (Tex. App.—Houston [14th Dist.] 1997, no writ), which was published after the signing of the decree of divorce here under review, the husband filed for divorce on August 30, 1995, (two days before the effective date of the statute), and the wife counterclaimed seeking spousal maintenance on October 20, 1995. The trial court ordered the husband to pay spousal maintenance and when he failed to do so, it held him in contempt. When the husband brought a writ of habeas corpus challenging the trial court's order, the Fourteenth Court of Appeals held that the "action" was commenced before the effective date of the Act, and therefore, the award of spousal maintenance was both void and unenforceable by contempt. The court reasoned that because there was no legal authority

supporting the award of spousal maintenance in an "action" which was commenced before the effective date of Texas Family Code Section 3.9602, that the trial court was without authority to award spousal maintenance and, consequently, the order holding Casey in contempt for refusing to comply with the spousal maintenance award was void. *Id.* at 21. *See also Granite Constr. Co. v. Mendoza*, 816 S.W.2d 756, 766 (Tex.App.—Dallas 1991, writ denied). Martha urges that this Court reject *Casey*, but we decline to do so.

Martha contends that her counterclaim, which she filed after September 1, 1995, was an "action" brought and prosecuted after the effective date of Texas Family Code Section 3.9602. However, if we were to accept Martha's contention, we would usurp the power of the legislature by reading into the Act a provision which it simply does not contain. *Goldman v. Torres*, 161 Tex. 437, 341 S.W.2d 154, 158 (1960). Further, we are not justified in creating exceptions to the statute so as to make it applicable under circumstances which are clearly not mentioned in the Act, (*i.e.* the filing of a counterclaim). *Jefferson County Drainage District No. 6 v. Gary*, 362 S.W.2d 305, 307–08 (Tex.1962).

■ Moreover, we cannot accept Martha's contention that the counterclaim which she filed after September 1, 1995, was an "action" as used in the transition provision.[4] An "action" is a demand for one's legal right and has been held synonymous with "suit," which in this case was initiated by Steven on July 10, 1995. *See Thomas v. Oldham*, 895 S.W.2d 352, 356 (Tex.1995). The term "action" is also used in Texas Civil Practice & Remedies Code Annotated Section 16.066 (Vernon 1997). In construing that section in *Lawrence Systems v. Superior Feeders Inc.*, 880 S.W.2d 203 (Tex.App.—Amarillo 1994, writ denied), we held that an "action" is a judicial proceeding which, if prosecuted effectively, results in a judgment. *Id.* at 207–08. *See also Garcia v. Jones*, 147 S.W.2d 925, 926 (Tex.Civ.App.—El Paso 1940, writ dism'd judgm't cor.). When the statute at issue is clear and unambiguous, as we believe to be the case here, the rules of statutory construc-

---

4. *See* Act of June 13, 1995, 74th Leg., R.S., ch.655, § 10.03 1995 Tex. Gen. Laws 3543, 3580.

tion are inappropriate and the statute should be given its plain meaning. *Cail v. Service Motors Inc.*, 660 S.W.2d 814, 815 (Tex.1983). Accordingly, Steven's first point of error is sustained.

■ By her third cross-point, Martha contends that if we hold the award of spousal maintenance to be improper, that the cause must be remanded for a new "just and right" division of the marital estate because the maintenance award may have affected the trial court's division of the marital estate. We agree.

Where an award of spousal maintenance is authorized, Texas Family Code Section 3.9603 sets forth twelve factors to be considered by a trial court in making an award of spousal maintenance. Five of the twelve factors to be considered are economic in nature. *See* Tex. Fam.Code Ann. § 3.9603 (Vernon Supp.1997). Prior to the effective date of Texas Family Code Section 3.9602, in making a division of the marital estate, trial courts ordinarily considered numerous factors, including: (*l*) relative earning capacities and business experience of the parties, (2) educational background of the parties, (3) size of separate estates, (4) the age, health and physical condition of the parties, (5) fault in the dissolution of the marriage, (6) the benefits the innocent spouse would have received had the marriage continued, and (7) probable need for future support. *Finch v. Finch*, 825 S.W.2d 218, 222 (Tex.App.—Houston [1st Dist.] 1992, no writ).

Because we hold that the award of spousal maintenance here was unauthorized, and because the factors to be considered in both the marital property division and the award of spousal maintenance are inextricably intertwined, our sustension of Steven's first point of error requires us to also sustain Martha's third cross-point contention. Consequently, our sustension of Martha's third cross-point pretermits a discussion of her second cross-point regarding the sufficiency of the evidence supporting the trial court's property division. Tex.R.App. P. 47.1.

■ By her first cross-point contention, Martha urges that the trial court committed reversible error when it failed to make findings of fact or conclusions of law following her proper and timely requests for it to do so. We agree.

■ Under Texas Rule of Civil Procedure 297, the trial court is required, upon proper request, to issue findings of fact and conclusions of law. Because this duty is mandatory, the failure of the trial court to respond to such a timely and proper request is presumed harmful unless the appellate record affirmatively shows that the complaining party has suffered no injury. *Cherne Industries, Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex.1989). Since the appellate record before us does not affirmatively indicate that Martha suffered no harm from the trial court's failure to issue findings of fact and conclusions of law, we presume harm, and resultantly hold that such error is reversible. Tex.R.App. P. 44.1.

Also, by her fourth and fifth cross-points, she contends that the trial court abused its discretion in deviating from the standard possession order and by determining that it was in the "best interest of the child" to limit her possession of and access to the child. Because the trial court failed to issue findings of fact and conclusions of law, we cannot determine from the appellate record whether the trial court abused its discretion when it deviated from the standard possession order and limited Martha's possession of and access to the child. However, our inability to determine whether or not the trial court abused its discretion in this regard lends credence to our previous ruling that the record does not affirmatively show that no harm was suffered. Martha's first, fourth and fifth cross-points are sustained.

Accordingly, the proper disposition here is to sever that portion of the judgment concerning the division of the parties' property, child support, conservatorship, and spousal maintenance, from the remainder of the judgment. Tex.R.App. P. 43; *Matter of Marriage of Thurmond*, 888 S.W.2d 269, 281 (Tex.App.—Amarillo 1994, no writ). As severed, those portions are reversed and remanded to the trial court. Upon the severance, the trial court's judgment in all other

respects (*i.e.* the granting of the divorce) is affirmed.