**Harry V. CRENSHAW, Appellant,**

v.

**Bennie F. CRENSHAW, Appellee.**

No. 04–97–00067–CV.

Court of Appeals of Texas, San Antonio.

Dec. 10, 1997.

Harold C. Zuflacht, Hidgon, Hardy & Zuflacht, L.L.P., San Antonio, for Appellant.

Patricia K. Irvine, Law Offices of Patricia K. Irvine, P.C., Sequin, Grace G. Kunde, Knobles & Klingemann, Inc., Sequin, for Appellee.

Before HARDBERGER, C.J., and LOPEZ and ANGELINI, JJ.

## OPINION

LOPEZ, Justice.

Harry and Bennie Crenshaw were married for 26 years. On August 1, 1995, Harry filed for divorce. That date was one month before the Texas law that provides for temporary spousal support became effective. Bennie filed a counter-petition on August 7, 1995. On September 7, 1995, six days after the spousal-support law became effective, Bennie filed an amended counter-petition seeking spousal support on the basis of disability.

At trial, Harry's attorney argued that the trial court did not have authority to award Bennie spousal support because Harry filed for divorce prior to the effective date of the new law. Although the court admitted not knowing whether it had authority to make such an award, the court awarded Bennie spousal maintenance for three years.

On appeal, Harry complains that the trial court erred in ordering him to pay spousal maintenance to Bennie because the statute providing for such maintenance applies only to causes filed on or after September 1, 1995. Harry relies on a transition provision that indicates the spousal support provision only applies to actions filed on or after the effective date of the legislation.

In response, Bennie argues that the trial court had authority to award her spousal maintenance because she is disabled and because she amended her counter-petition for

divorce to claim spousal maintenance after the effective date of the law. Bennie characterizes her amended counter-petition as an independent action filed after September 1, 1995. As such, Bennie argues, the statute applies to her suit and the trial court did not err.

Section 8.001 of the Texas Family Code provides for an award of temporary spousal support under limited circumstances upon dissolution of marriage. *See* TEX. FAM.CODE ANN. § 8.001 (Vernon Supp.1998) (title 1 pamphlet). To clarify the provision's applicability, the Texas Legislature included a transition provision to instruct that spousal support applied "to an action filed on or after" the provision's effective date of September 1, 1995.[1] This wording obviously applies to an original suit filed after September 1, 1995, but the plain language of the provision does not clearly preclude a counter-claim filed in a suit that was originally filed before September 1, 1995. *Cf.* Barbara Anne Kazen, *Division of Property at the Time of Divorce*, 49 BAYLOR L.R. 417, 438–39 (1997) (postulating that transition provision should cover cross-action even if original petition was filed before September 1, 1995, and commenting that no court has decided the same). This court must decide, then, whose petition for divorce controls in the application of the spousal-support provision of the Texas Family Code.

Since Harry filed his notice of appeal, the Houston Court of Appeals addressed this issue. In *Ex parte Casey*, the court considered a writ of habeas corpus filed by Timothy Casey. *See Ex parte Casey*, 944 S.W.2d 18 (Tex.App.—Houston [14th Dist.] 1997, no w. h.). Like Harry, Casey filed a petition for divorce before the effective date of the spousal-support provision. *See Casey*, 944 S.W.2d at 19. Like Bennie, Casey's wife filed a counter-petition seeking spousal support af-ter the date of the provision. *Id.* As in the Crenshaws' divorce, the trial court ordered Casey to pay his wife spousal support. *Id.* Casey though refused to pay and so his ex-wife moved for enforcement. *Id.* The court held the husband in contempt and sent him to jail. The husband then filed a writ of habeas corpus. *Id.*

In response, the court of appeals determined that the trial judge had no authority to award the wife spousal support because the husband filed for divorce prior to the effective date of the law. *Id.* at 21. The court reasoned that "it would be unreasonable and confusing to future litigants to allow a party to force application of an otherwise inapplicable statute by filing a counter[-]petition after the effective date of that statute." *Id.* Thus, the court reached its decision by determining that the date of the original petition controls; that is, whoever files first wins. *Id.* Although the court recognized the harshness of the result, the court warned that "we must not let the search for justice blind us to the obvious intent of the legislature." *Id.*

The reluctance of the Texas Legislature to enact a spousal-support provision supports the *Casey* court's interpretation of legislative intent. *See* James W. Paulsen, *Remember the Alamo(ny)! The Unique Texas Ban on Permanent Alimony and the Development of Community Property Law*, 56 LAW & CONTEMP. PROBS. 7, 51–54 (1993) (tracing legislature's rejection of prior spousal-support legislation and discussing impact of gender bias on such legislation). In light of this reluctance, we conclude that the legislature intended the transition provision words "to an action filed on or after [September 1, 1995]" to mean those actions originally filed before September 1, 1995.[2] Thus, the trial court did

1. The transition provision provides:
    SECTION 10.03. TRANSITION. (a) Except as provided by Subsection (b) of this section, Sections 10.01 and 10.02 of this article take effect September 1, 1995, and apply only to an action filed on or after that date.
    (b) Section 10.02 of this article does not apply to an action filed on or before January 1, 1997, if a prior suit for dissolution of a marriage between parties nonsuited by the spouse seeking maintenance on or after January 1, 1995, and on or before August 31, 1995.

Act of May 26, 1995, 74th Leg. R.S., ch. 655, sec. 10.03, 1995 Tex. Gen. Laws 3543, 3580 (amended 1997) (current version of spousal-support provision at TEX. FAM.CODE ANN. § 8.001 et seq (Vernon Supp.1998)) (title 1 pamphlet).

2. This interpretation is supported by subsection (b) of the transition provision. Subsection (b) indicates that the legislature anticipated that women who sued for divorce prior to September 1, 1995, might non-suit and later refile in order to take advantage of the new legislation. In light

not have authority to order Harry to pay Bennie spousal maintenance since Harry filed the original petition before September 1, 1995. As a result, we sustain Harry's point of error.

Having sustained Harry's point of error, we reverse and render the trial court's order as to spousal maintenance.

of this provision, it would be illogical to conclude that the legislature intended for a counter-petition filed after September 1, 1995, to make the spousal-support provision applicable to the other spouse who filed for divorce prior to September 1, 1995.