TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00388-CV






In re William J. Skepnek, Relator








ORIGINAL PROCEEDING FROM TRAVIS COUNTY







PER CURIAM


 William Skepnek, an attorney for Raymark Industries, a bankrupt former defendant
in asbestos-exposure litigation, was assessed sanctions totaling $110,000 for knowingly submitting
false affidavits and special appearances based thereon in ten cases in the trial court. In this
original proceeding, Skepnek seeks a writ of mandamus to have the sanctions vacated and a writ
of prohibition issued to prevent the trial court from sanctioning him for filing the special
appearances. We will grant the petition in part and conditionally issue the writ of mandamus as
to $100,000 of the sanctions, but will deny the petition as to $10,000 of the sanctions. We will
deny the request for the writ of prohibition.

 Raymark filed special appearances in nine asbestos exposure cases that had been
filed before September 1, 1995, some as late as August 31, 1995. (The tenth case in which
sanctions were ordered was filed after September 1, 1995, but the real parties in interest
("plaintiffs") have admitted that Raymark did not file a special appearance in that case and
plaintiffs have requested the trial court withdraw the sanctions in that case.) Raymark, however,
did not become a defendant in these cases until plaintiffs filed amended petitions after September
1, 1995.

 The special appearances were supported by affidavits from Raymark president
James Cobb. He swore, based on his personal knowledge, that the company never paid Texas
taxes, never had a license to do business in Texas, and never had an office, employees, bank
accounts, or property in Texas.

 Subsequent depositions of Cobb and Raymark chief executive officer Craig Smith
exposed these statements as inaccurate. Cobb testified that he did not have personal knowledge
of the averments in his affidavit and that he relied on Smith's representations. Smith's testimony
showed that Raymark and its predecessors had the jurisdiction-establishing contacts with Texas
that Cobb denied in his affidavit.

 Despite attending the depositions at which the statements in the affidavits were
disavowed, Raymark never withdrew the special appearances and Skepnek later filed a brief in
support of the special exceptions, urging the jurisdiction-defeating assertions from the discredited
affidavit. Plaintiffs sought sanctions against Raymark and Skepnek for filing and pursuing the
special appearances and supporting materials.

 The court set a hearing on the plaintiffs' motion for sanctions against Raymark and
its attorney, Skepnek. Shortly before the hearing, Raymark declared bankruptcy. Believing the
hearing would be subject to the automatic stay on proceeding on claims against a bankrupt party,
Skepnek did not attend. In his absence, the trial court held the hearing on the motion for sanctions
against Skepnek. The sanctions order recites that the plaintiffs did not seek sanctions against
Raymark.

 The court imposed sanctions under both Texas Civil Practice and Remedies Code
section 10.004(c)(2) and Texas Rule of Civil Procedure 13. The $100,000 Code sanction was
imposed for "knowingly proffering an affidavit known by Skepnek to be false." The Rule 13
sanctions were $10,000 compensation to plaintiffs for attorney's fees accrued in having to respond
to the special appearance and present the motion for sanctions.

 Skepnek challenges both sanctions by this petition for writ of mandamus. We will
not address the sanction in trial court cause of action No. 96-15405 because the plaintiffs have
admitted that the sanction is unwarranted and have requested that it be withdrawn.

 A threshold issue is whether we can consider this petition for writ of mandamus
while the underlying suit continues. We conclude mandamus review is appropriate when a relator
alleges that plainly unauthorized sanctions are payable immediately, the plaintiffs have filed a
notice of nonsuit on their claims against the sanctioned attorney's client, and the suit continues as
to other parties. Ordinarily, mandamus review is not appropriate if the relator has an adequate
remedy by appeal. Bell Helicopter Textron, Inc. v. Walker, 787 S.W.2d 954, 955 (Tex.1990). 
Though persons assessed monetary sanctions payable at judgment have remedy only by appeal,
the supreme court has allowed mandamus review of monetary sanctions that are payable
immediately and that are so severe that they impair the party's ability to proceed with the
litigation. Braden v. Downey, 811 S.W.2d 922, 929 (Tex. 1991). The sanctions in the present
case do not prevent litigation because the plaintiffs' notice of nonsuit indicates the end of this
litigation against Raymark. However, the sanctions order requires immediate payment by Skepnek
even though the litigation will continue against other defendants with the final judgment at some
undetermined time. Thus, without mandamus review, Skepnek will be deprived of his money until
the uncertain date of final judgment for these cases, even though his client is no longer part of the
suit. This, combined with the allegation that at least part of the sanctions order is not statutorily
permissible, tips the scale in favor of considering his petition for writ of mandamus.


Sanctions under Civil Practice and Remedies Code chapter 10

 We first consider the sanctions based on the Code violation. The historical note to
section 10.001 quotes the enacting legislation:

 

 This Act takes effect September 1, 1995, and applies only to a pleading or motion
in a suit commenced on or after that date. A pleading or motion in a suit
commenced before the effective date of this Act is governed by law applicable to
the pleading or motion immediately before the effective date of this Act, and that
law is continued in effect for that purpose.


Tex. Civ. Prac. & Rem. Code Ann. § 10.001 (West Supp. 1998) (emphasis supplied). Nine of
the cases were filed before September 1, 1995, some as late as August 31, 1995; in the only case
filed after September 1, 1995, plaintiffs have requested the sanction be withdrawn because no
special appearance was filed.

 Plaintiffs argue that chapter 10 should apply to this case. They argue that Skepnek
waived the issue by not raising it at the trial court. They also argue that, because Raymark was
not a necessary party to these lawsuits, the amended petition adding Raymark should be treated
like a new lawsuit. They argue that no rational purpose is served by distinguishing whether the
conduct is punishable based on whether Raymark was added to an existing suit or was sued
separately. They rely on a case in which this Court held that a new venue statute did not apply
to a necessary party added after the effective date of the statute. See Stanolind Oil & Gas Co. v.
State, 153 S.W.2d 614, 616 (Tex. Civ. App.--Austin 1941, no writ). They reason that with non-necessary parties against whom severable claims are made, the reverse should be true and that the
new statute should apply.

 We conclude that Skepnek did not waive his argument regarding the ineffectiveness
of the statute by failing to raise it in the trial court. The rules of appellate procedure do not
require preservation of complaints brought in original proceedings in the appellate court. The
preservation rule pertains to regular appeals from trial-court judgments and orders, not original
appellate-court proceedings. See Tex. R. App. P. 33. By contrast, the rules governing original
proceedings do not mention preservation; the most analogous rule requires only that a relator
include in an appendix a certified or sworn copy of any order complained of. See Tex. R. App.
P. 52.3(j)(1)(A). Mandamus will not issue to compel public officials to do what they have not
been requested to do. See Owens-Corning Fiberglas Corp. v. Caldwell, 830 S.W.2d 622, 624
(Tex. App.--Houston [1st Dist.] 1991, orig. proceeding). In Caldwell, the appellate court
concluded that a request to vacate appointment of master was sufficient presentation in the trial
court to permit mandamus review of the appointment; the court found the facts did not satisfy the
test for appointment of a master. Id. We conclude the assertion that a trial court applied a clearly
ineffective statute distinguishes this case from Caldwell. The effective dates of statutes are
absolute requirements. See Powell v. State, 897 S.W.2d 307, 316 (Tex. Crim. App. 1994). 
Though the better practice would be for relators to give the trial court an opportunity to amend
a mistake, we conclude the rules do not require that the relator first call the ineffectiveness of the
statute to the trial court's attention.

 The statute plainly had not taken effect when the first nine suits were filed. The
legislature limited the statute's applicability to pleadings or motions filed in suits commenced on
or after September 1, 1995. Had the legislature wanted the statute to apply to all motions or
pleadings filed after September 1, 1995, it could have omitted the commencement-of-suit language. 
We must give effect to that choice, as other courts have by strictly interpreting the provision
making spousal support available only in "actions" filed on or after September 1, 1995. See In
re Marriage of Combs, 958 S.W.2d 848, 850 (Tex. App.--Amarillo 1997, no writ); Crenshaw
v. Crenshaw, 957 S.W.2d 171, 172-73 (Tex. App.--San Antonio 1997, no writ); Ex parte Casey,
944 S.W.2d 18, 21 (Tex. App.--Houston [14th Dist.] 1997). In each case, the husband filed for
divorce before September 1, 1995. Combs, 958 S.W.2d at 849; Crenshaw, 957 S.W.2d at 171;
Casey, 944 S.W.2d at 19. In each case, the wife filed a claim for spousal support after September
1, 1995. Combs, 958 S.W.2d at 849; Crenshaw, 957 S.W.2d at 171; Casey, 944 S.W.2d at 19. 
In each case, the appellate court rejected the wife's argument that her counterclaim was a new
"action"; each court held that "action" meant suit, and that spousal support was not available in
suits filed before September 1, 1995, regardless of when the claim for spousal support was filed. 
Combs, 958 S.W.2d at 850; Crenshaw, 957 S.W.2d at 172-173; Casey, 944 S.W.2d at 21. 
Similarly, in the present case, we conclude that when the claims against Raymark were added is
irrelevant; the legislature established the date the suit was filed as the only relevant date.

 The court had no discretion to impose sanctions under Chapter 10 of the Civil
Practice and Remedies Code in the nine suits that were filed before the effective date of the statute. 
Imposing sanctions under an inapplicable statute is an abuse of discretion.


Rule 13 sanction

 We will consider the remaining petition issues only with respect to the Rule 13
sanction.

 Skepnek contends he had no notice of the hearing. He admits he received notice,
but he assumed that Raymark's bankruptcy would stay the hearing. He presents no evidence that
he consulted the trial court regarding his incorrect assumption. The hearing proceeded against him
individually because the motion for sanctions also cited him individually. He ignored the hearing
at his peril.

 Skepnek also argues that the trial court abused its discretion by sanctioning him for
the falseness of affidavits signed, not by him, but by his client's employee. The Rule 13 sanction,
however, is justified against him for filing the brief in support of the special appearances months
after the depositions showed the inaccuracies in the affidavits. Even if he did not know when the
affidavits and pleas of special appearance were made that they contained inaccurate assertions, the
court did not abuse its discretion by concluding that Skepnek knew, based on his presence at the
depositions, or should have known, after a reasonable inquiry, that they contained critical
inaccuracies at the time he filed the brief in these cases. Though the brief does not specifically
incorporate the affidavits, its arguments are founded on the discredited assertions made in the
affidavits.

 Skepnek further contends the lack of a record of the hearing voids the sanction. He
contends that the lack of a record was not his fault because he did not receive notice. To the
contrary, he received notice but chose not to appear. He urges that we follow the rule from a
post-answer default judgment case that "an appellant may acknowledge he is totally at fault in not
answering or appearing for trial and still seek a new trial, because he is unable to obtain a
statement of facts to show error in the trial proceedings which resulted in the default judgment." 
See Mountain Corp. v. Rose, 737 S.W.2d 22, 24 (Tex. App.--El Paso 1987); see also Smith v.
Smith, 544 S.W.2d 121, 123 (Tex. 1976). He urges that we then decide that the nonexistent
record prevents our review of the sanctions order and accordingly vacate the award.

 We decline because the basis of the sanctions is apparent from the record before us. 
The deposition excerpts and the pleadings demonstrate the sanctionable conduct of submitting a
brief based on assertions in an affidavit Skepnek knew or should have known was false.

 Though the record lacks evidence regarding the reasonableness of the sanction
amount, the court states in its order that it took judicial notice of some facts. The Rule 13
sanctions were expressly intended to compensate the plaintiffs for attorney's fees they incurred in
responding to the special appearances and in preparing the motion for sanctions. When awarding
attorney's fees under the Civil Practice and Remedies Code in a trial to the court, the trial court
can take judicial notice of "the usual and customary attorney's fees and of the contents of the case
file without receiving further evidence." Tex. Civ. Prac. & Rem. Code Ann. § 38.004 (West
1997). In such cases, the usual and customary attorney's fees are presumed reasonable. Id.
§ 38.003. Though the Code does not control the award of sanctions, it is instructive when the
sanction is attorney's fees. See In re Estate of Kidd, 812 S.W.2d 356, 358-59 (Tex.
App.--Amarillo 1991, writ denied). In Kidd, when the sanctions hearing was simply a colloquy
between the trial court and counsel, the appellate court presumed the trial court took judicial notice
of customary fees though neither party requested judicial notice. Id. Similarly, the trial court in
the present case apparently took judicial notice that $10,000 was the usual and customary fee for
defending against special appearances and preparing sanctions motions in ten cases. The $10,000
amount is presumed reasonable and does not seem outrageous, even without the tenth case in
which the real parties have requested vacation of the sanction. Based on this record, we conclude
the trial court did not abuse its discretion by awarding the $10,000 Rule 13 sanctions.


Writ of prohibition

 Because the record demonstrates sanctionable conduct, we will not issue a writ of
prohibition barring the trial court from sanctioning Skepnek. The trial court is in a far better
position than we to determine whether Skepnek has committed sanctionable acts.


Conclusion

 Awarding sanctions under Texas Civil Practice and Remedies Code chapter 10 was
an abuse of discretion because the suit was filed before the effective date of the statute. We
therefore grant the petition in part and order the trial court to vacate the $100,000 sanction based
on chapter 10. The writ of mandamus will not issue unless the trial court declines to withdraw
that portion of the order. We do not disturb the $10,000 sanction based on Texas Rule of Civil
Procedure 13. We also deny the request for a writ of prohibition.


Before Chief Justice Lee Yeakel, Justices Jones and B. A. Smith

Mandamus Conditionally Granted in Part and Denied in Part

Filed: October 15, 1998

Do Not Publish



ccuracies in the affidavits. Even if he did not know when the
affidavits and pleas of special appearance were made that they contained inaccurate assertions, the
court did not abuse its discretion by concluding that Skepnek knew, based on his presence at the
depositions, or should have known, after a reasonable inquiry, that they contained critical
inaccuracies at the time he filed the brief in these cases. Though the brief does not specifically
incorporate the affidavits, its arguments are founded on the discredited assertions made in the
affidavits.

 Skepnek further contends the lack of a record of the hearing voids the sanction. He
contends that the lack of a record was not his fault because he did not receive notice. To the
contrary, he received notice but chose not to appear. He urges that we follow the rule