02-11-098-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT
 OF APPEALS
 SECOND
 DISTRICT OF TEXAS
 FORT
 WORTH
  
 
 


 

 

NO. 02-11-00098-CV

 

 


 
 
 RONALD B. PALMER
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 NAKAYSONE JULIE PALMER
 
 
  
 
 
 APPELLEE
 
 


 

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION[1]

------------

I.  Introduction

In six issues, Appellant Ronald B. Palmer, pro se, appeals
the trial court’s amended order on petition for enforcement of spousal
maintenance and its order of income withholding for spousal maintenance entered
in favor of Appellee Nakaysone Julie Palmer.  We dismiss the portion of the
appeal pertaining to contempt for want of jurisdiction, reverse the trial
court’s amended order on petition for enforcement of spousal maintenance,
vacate its order of income withholding, and remand the case to the trial court
for further proceedings.

II.  Factual and Procedural Background

In July 2010, Julie petitioned for enforcement of
spousal maintenance based on the spousal maintenance provision in the parties’
August 31, 2007 agreed decree of divorce.  In her petition, Julie alleged that
Ronald was in contempt of court for failing to pay spousal maintenance from
January 1, 2009, to July 1, 2010, totaling $9,500, and she asked the court for her
attorney’s fees and costs and for an income withholding order for payment of
the arrearages.

At the conclusion of the hearing on Julie’s petition, the
trial court found that of the nineteen months during which Ronald was in
arrears, Julie was only entitled to seventeen months’ spousal maintenance, a
total of $8,500, and that Julie was entitled to $5,500 as the uncontroverted
amount of her attorney’s fees, as well as court costs.  Ronald appealed the
trial court’s November 2010 order on the petition for enforcement and its
income withholding order.  The trial court subsequently rescinded both orders,
and we dismissed the appeal as moot.  See Palmer v. Palmer, No.
02-10-00424-CV, 2011 WL 167244, at *1 (Tex. App.—Fort Worth Jan. 13, 2011, no
pet.) (mem. op.).

On February 18, 2011, the trial court signed another
order on Julie’s petition, again assessing $8,500 as Ronald’s arrearages and
$5,676 for Julie’s attorney’s fees and court costs but did not provide for income
withholding.  Ronald filed a notice of appeal on March 14, 2011, and the next
day, Julie filed a motion to clarify, seeking the trial court’s ruling on her
request for an income withholding order.

The trial court issued its amended order on petition
for enforcement of spousal maintenance on March 31, 2011, again assessing
$8,500 as Ronald’s arrearages and $5,676 for Julie’s attorney’s fees and court
costs, and finding Ronald in contempt for seventeen violations of the spousal
maintenance provision of its August 2007 order.  It also included the following
in its order, “On this date[,] the Court authorized the issuance of an Order of
Income Withholding for Spousal Maintenance.  The amounts to be withheld from
Respondent’s disposable earnings are stated in that Order of Income Withholding
for Spousal Maintenance, which is wholly incorporated by reference into this
order.”  [Emphasis added.]

The trial court issued its order on income withholding
for spousal maintenance on April 26, 2011.  The order defined “arrearage” as
“the total amount of past-due spousal maintenance, which is $8,500.00, plus
attorney’s fees in the amount of $5,676.00.”  [Emphasis added.]  The trial court
ordered Ronald’s employer to withhold $500 per month from Ronald’s earnings
“until the arrearage and attorney’s fees have been paid in full”—a total
amount of $14,176.  [Emphasis added.]

III.  Jurisdiction

A.  Contempt

In his first, second, and third issues, Ronald complains
that the trial court lacked authority under the family code to enforce its
spousal maintenance order by contempt and argues that the trial court erred by
convicting him of contempt without notifying him of his rights and by holding a
contempt hearing to enforce what “can only be an agreement between the parties
approved by the Court.”

A contempt judgment is reviewable only via a petition
for writ of habeas corpus (if the contemnor is confined) or a petition for writ
of mandamus (if no confinement is involved).  Cadle Co. v. Lobingier, 50
S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet. denied) (op. on reh’g) (citing
In re Long, 984 S.W.2d 623, 625 (Tex. 1999) (op. on reh’g)).  Decisions
in contempt proceedings cannot be reviewed on direct appeal because contempt
orders are not appealable, even when appealed along with a judgment that is
appealable, as here.  See id. (citing Metzger v. Sebek, 892
S.W.2d 20, 55 (Tex. App.—Houston [1st Dist.] 1994, writ denied), cert.
denied, 516 U.S. 868 (1995)); see also In re Office of Att’y Gen. of
Tex., 215 S.W.3d 913, 915 (Tex. App.—Fort Worth 2007, orig. proceeding)
(explaining why contempt judgments are not appealable and must be attacked by
petition for writ of habeas corpus or for writ of mandamus); cf. Ex parte
Casey, 944 S.W.2d 18, 19, 21 (Tex. App.—Houston [14th Dist.] 1997, orig.
proceeding) (granting relator’s petition for writ of habeas corpus with regard
to trial court’s contempt order on failure to pay spousal maintenance).  We
cannot reach Ronald’s contempt-based complaints in this direct appeal, and we
dismiss Ronald’s first, second, and third issues for want of jurisdiction.

B.  Plenary Power 

In his sixth issue, Ronald complains that the trial
court erred by issuing a substantive change in its orders after its plenary
power expired, complaining that the April 26, 2011 income withholding order was
signed “at least sixty-six days following the [February 18, 2011] signing of
the original Order for Enforcement of Spousal Maintenance.”

When the trial court signed the February 18, 2011
order, it had plenary power until March 21, 2011.  See Tex. R. Civ. P.
329b(a), (d).  But when Julie filed her motion “for clarification or in the
alternative, motion for new trial,” on March 15, 2011, this further extended
the trial court’s plenary power.  See Tex. R. Civ. P. 329b(a), (c),
(e).  The trial court’s March 31 amended order on petition for enforcement of
spousal maintenance superseded its February 18, 2011 order and provided for the
issuance of the subsequent April 26 order of income withholding.  See B.
& M. Mach. Co. v. Avionic Enters., Inc., 566 S.W.2d 901, 902 (Tex.
1978) (stating that subsequent judgment made during the trial court’s plenary
power “in effect, vacated the first judgment”); Bahar v. Lyon Fin. Servs.,
Inc., 330 S.W.3d 379, 386 (Tex. App.—Austin 2010, pet. denied) (stating
that when the trial court signs an amended order, the original order becomes a
nullity, and “[a]s the original judgment ceases to have legal effect, only the
amended judgment can support an appeal.”); see also Tex. R. App. P.
27.3.  Because the trial court acted within its plenary power, we overrule
Ronald’s sixth issue.

IV.  Arrearages

In Ronald’s fourth issue, he complains that the state
constitution and family code prohibit the trial court’s categorizing Julie’s
attorney’s fees as arrearages for purposes of wage garnishment.  In his fifth
issue, he argues that the income withholding order resulted in a substantial
change to the amended order on petition for enforcement of spousal maintenance.

Article 16, section 28 of the state constitution
provides that “[n]o current wages for personal service shall ever be subject to
garnishment, except for the enforcement of court-ordered:  (1) child support
payments; or (2) spousal maintenance.”  Tex. Const. art. XVI, § 28.  No
provision in the family code allows for attorney’s fees assessed in a
proceeding to enforce unpaid spousal maintenance to be included in an income
withholding order.  Compare Tex. Fam. Code Ann. § 158.0051(a) (West
2008) (stating that in addition to an income withholding order for child
support, including arrearages, the court may render an order “that income be
withheld from the disposable earnings of the obligor to be applied towards the
satisfaction of any ordered attorney’s fees and costs resulting from an action
to enforce child support under this title”), with Act of May 22, 2001,
77th Leg., R.S., ch. 807, § 1, sec. 8.059(e), 2001 Tex. Gen. Laws 1575, 1578
(stating that a court may enforce an order for spousal maintenance under this
chapter by ordering garnishment of the obligor’s wages or by any other means
available under this section), repealed by Act of May 18, 2011, 82nd
Leg., R.S., ch. 486, 2011 Tex. Sess. Law. Serv. 1239, 1242, and Tex.
Fam. Code Ann. § 8.058 (West 2006) (“A spousal maintenance payment not
timely made constitutes an arrearage.”), and id. § 8.102(a) (West
2006) (stating that the court may order that, in addition to income withheld
for current spousal maintenance, income be withheld from the disposable
earnings of the obligor to be applied toward the liquidation of any
arrearages).  And we have found no case law otherwise permitting the trial
court to incorporate attorney’s fees as arrearages in an income withholding
order for spousal maintenance.  Cf. Tamez v. Tamez, 822 S.W.2d 688, 691
(Tex. App.—Corpus Christi 1991, writ denied) (“Attorney’s fees necessarily
incurred for the collection of child support payments have long been held to be
an essential part of the enforcement process.”).

Because the trial court erred by including Julie’s
attorney’s fees as arrearages in the income withholding order, and because the
trial court incorporated the income withholding order by reference into its
amended order on petition for enforcement of spousal maintenance, we sustain
Ronald’s fourth and fifth issues.[2]

V.  Conclusion

We dismiss the portion of
the appeal pertaining to Ronald’s contempt complaints for want of jurisdiction. 
And having overruled Ronald’s sixth issue and sustained Ronald’s fourth and
fifth issues, we reverse the trial court’s amended order on petition for
enforcement of spousal maintenance, vacate the income withholding order, and
remand this case to the trial court for further proceedings.

 

PER CURIAM

 

 

 

PANEL:  MCCOY, GARDNER, and MEIER,
JJ.

DELIVERED:  April 5, 2012









[1]See
Tex. R. App. P. 47.4.





[2]Julie
filed a motion seeking an assessment of her attorney’s fees and costs involved
in this appeal against Ronald, arguing that his appeal is frivolous.  Because
we sustained Ronald’s fourth and fifth issues, we deny Julie’s motion.