OPINION OF THE COURT
Oscar Murov, J.
This is a motion for an order dismissing an action commenced by a wife for a divorce on the ground that at the time said action was commenced there was another action pending between the two parties (CPLR 3211, subd [a], par 4). The wife submits that there should be a joint trial (CPLR 602, subd [a]).
The husband’s action was commenced on July 14, 1980, five days prior to the effective date of the new equitable distribution law (L 1980, ch 281). The summons served on the wife contained, on its face, the proper notice, reciting as grounds “cruel and inhuman treatment”, and the relief sought, “custody of the infant children” and “exclusive use of the marital abode”. The wife appeared by counsel in this action on July 22, 1980. Eight days later and on July 30, 1980, the wife commenced a separate action for divorce “and/or separation”. The grounds set forth on the face of said summons with notice were “abandonment and cruel and inhuman treatment”. Among the ancillary relief requested is “equitable distribution, or in the alternative a distributive share of the marital property”. The wife served her complaint on August 29, 1980 and hus *574 band served his complaint on September 12, 1980. Each party served an answer to the other’s complaint within a matter of days.
The question presented by this motion is common enough during this period of transition in matrimonial law: May a defendant who was served with a summons for divorce during a period of time when the “old law” governed, institute a new action in order to avail herself of the equitable distribution rights granted under the new part B of section 236 of the Domestic Relations Law? Under the facts of this case, the court answers the question in the affirmative.
So far, most commonly with the passage of the equitable distribution law in New York State, questions of procedure have arisen with the courts having been asked to decide whether or not a party who commenced an action for divorce under the “old law”, will be faced with a situation where his action will be governed by the “new law”. The Justices of the Supreme Court of this State have grappled with that question and have rendered well-reasoned decisions on all sides with varying results (see Deschamps v Deschamps, 103 Misc 2d 678; Cooper v Cooper, 103 Misc 2d 689; Goding v Goding, 106 Misc 2d 423; Badeer v Badeer, NYLJ, Sept. 10, 1980, p 15, col 3, J as-pan, J.; Malley v Malley, NYLJ, Sept. 19,1980, p 14, col 1, Murphy, J.; Green v Green, NYLJ, Sept. 25, 1980, p 18, col 1, Aspland, J.; Sapone v Sapone, NYLJ, Sept. 25, 1980, p 18, col 2, McCarthy, J.; Miller v Miller, NYLJ, Dec. 24,1980, p 15, col 5, Baisley, J.; Moss v Moss, NYLJ, Jan. 13, 1981, p 13, col 1, Lonschein, J.). This case, however, represents a novel question as to whether a spouse can be forced to bring a cause of action under the “old law” merely because the other spouse has commenced a separate cause of action for alleged claims against him prior to July 19, 1980.
The dismissal of a complaint asserting legally valid claims of a wife against her husband is not proper on the grounds of “another action pending * * * for the same cause of action” merely because the husband had previously commenced his action asserting his claims against the wife. Clearly CPLR 3211 (subd [a], par 4) indicates *575 that it was not intended to be applied to situations where the acts of wrongdoing alleged in one action are different from those alleged in the other. Clearly CPLR 3211 (subd [a], par 4) was designed to prevent a party from repeated lawsuits of the same defendant. Thus, if only the legal basis varies, the “cause of action” for the purposes of CPLR 3211 (subd [a], par 4) may very well be the same. However, if the relief claimed is different or the factual basis thereunder is different, a motion to dismiss under CPLR 3211 (subd [a], par 4) ought not to be permitted. As noted by David Siegel in the Practice Commentaries (McKinney’s Cons Laws of NY, Book 7B, CPLR, 03211:15, p 21): “It need not be shown that they pursue the same theories. A plaintiff can unreasonably burden a defendant with a series of suits emanating from a single wrong, merely by basing each suit on a different theory of recovery. The criterion should invite a two-pronged inquiry: (1) Do both suits arise out of the same actionable wrong or series of wrongs? and (2) As a practical matter is there any good reason for two actions rather than one being brought in seeking the remedy?”
In this case, the first question must be answered in the negative and the second in the affirmative. Clearly, there is no requirement that a party must sue on all claims that they may have against each other once a party has commenced a lawsuit as similarly noted by Professor David Siegel and until a matter goes to judgment the party is not bound by any action (see National Fire Ins. Co. of Hartford v Hughes, 189 NY 84). In that case, the court held that the pendency of a first action between the same parties and a second action involving the same parties and though related to the same subject matter in the first and second action does not bar the pendency of the second action. Thus, even where both causes of action may arise out of the same occurrence, where the relief requested is different, more than one action can obviously be maintained. (Kent Dev. Co. v Liccione, 37 NY2d 899.)
In the case at bar, both parties have asserted bona fide causes of action and clearly the most reasonable method for proceeding with the resolution of both parties’ claims against each other is a joint trial (CPLR 602) with no *576 necessity for the actions being tried separately even though different since a trial court is capable of resolving the differences in the application of the law with a final solution to any permutation the proof might develop. Moreover, were the husband in any event to prove his case, the court can obviously deny alimony to the wife without reference to distribution of the property and any distributive award. Indeed, one of the questions posed by the new equitable distribution law is whether marital fault by either spouse will preclude an award or maintenance, whether temporary or permanent, and, since this court sits as a court of equity, a party may be denied relief upon his failure to come before it with “clean hands”. (See Christian v Christian, 42 NY2d 63; Henderson v Henderson, 63 AD2d 853; Polley v Polley, 62 AD2d 986; Nobel v Nobel, 49 AD2d 850.) Furthermore, the decisions of courts in other States, where the concept of equitable distribution is in force, have also held that fault that destroyed the marital home is a factor to be considered in making an award of alimony (Edge v Commissioner of Welfare, 34 Conn S 284; Kingsley v Kingsley, 45 Md App 199; Chalmers v Chalmers, 65 NJ 186; cf. Lynch v Lynch, 360 NE2d 661 [Mass]).
CPLR 3211 (subd [a], par 4) and 602 grant wide discretion to the court to fashion results which are most suitable to facts and as is appropriately noted again by Professor David Siegel to this regard: “A common disposition on a paragraph 4 motion is not to dismiss the present action, but to consolidate it with the other action. If the issues and the parties are in every sense identical, dismissal would ordinarily be the preferable result; but if the court has any lingering doubt about the identity of the two cases and consolidation appears to be a feasible alternative, it can serve in lieu of dismissal.” (Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, C321L19, p 25.) Consolidation here would achieve economy and avoid duplication. However, a joint trial is necessitated rather than consolidation for the simple reason that the plaintiff and the defendant cannot be coplaiiitiffs in one action as consolidation would require, and, *577 thus, a joint trial is preferable (see Bass v France, 70 AD2d 849).
. Dispositive of the foregoing is the decision of DeTrano v DeTrano (NYU, Jan. 13, 1981, p 13, col 2), which specifically determined that a joint trial was the proper solution in a fact pattern procedurally similar to that herein. Justice Lonschein appropriately noted: “The motion for a joint trial is granted to the extent that the actions shall be tried before the same judge, with the trial of the wife’s action immediately following the trial of the husband’s action. While it is true that differing rules will apply to the distribution of property depending on which party, if either, prevails in the issue of divorce, it is equally true that it is the occurrences and course of this one marriage which will determine the questions of fact on that most basic of issues, in both cases. Similarly, the relative circumstances of the parties, which will bear heavily on the issues of property distribution, alimony or maintenance and child support, are obviously the same in both cases. This provides ample reason for trial before one judge, which is not vitiated by the fact that the differing statutes applicable to the two cases, give rise to differing issues which preclude a straight forward joint trial.”
The court went on to observe that a joint trial was also required to prevent each party in their separate action from rushing to trial to favor their own case. The court also stated that this result was warranted where preliminary proceedings were not prejudiced, which is the case here.
The Legislature, in its wisdom, has simply drawn a line on the calendar and ordained that any actions commenced before the effective date of the new statute (July 19, 1980) are to be governed by the “old law”, while actions commenced on or after that date are to be governed by the “new law”. While it may seem to some that the action of the Legislature in fixing an arbitrary date for an abrupt transition was unwise, it was within the Legislature’s province to do just that (see Goding v Goding, 106 Misc 2d 423, supra). If the Legislature had intended for actions commenced before the effective date to have been eligible in some manner for consideration as if they had been *578 commenced thereafter, it could have made appropriate provisions. It did not so provide, and the conclusion must be that it did not so intend (Moss v Moss, NYLJ, Jan. 13, 1981, p 13, col 1, supra).
Accordingly, the husband’s motion to dismiss is denied and both actions shall be tried before the same Judge, with the trial of the wife’s action immediately following the trial of the husband’s action.