OPINION OF THE COURT
Jasen, J.
On this appeal we are asked to decide whether it was error to grant defendant wife’s motion to discontinue a counterclaim interposed in an action for divorce after the effective date of part B of section 236 of the Domestic Relations Law, the “Equitable Distribution Law”, when plaintiff husband commenced the action prior to that date.
On July 17,1980, two days before the effective date (July 19, 1980) of the Equitable Distribution Law, plaintiff husband commenced an action for divorce. On August 7,1980, after the effective date of the new law, defendant answered the complaint in which she asserted a counterclaim for divorce. Defendant then moved for leave to discontinue her counterclaim for the conceded purpose of commencing a separate action and obtaining the benefits of the Equitable Distribution Law. Supreme Court granted defendant’s motion to discontinue. The Appellate Division unanimously affirmed, reasoning that discontinuance would serve only to permit correction of a tactical error of form, not substance, because defendant could have commenced an independent action after July 19,1980, rather than interposing a counterclaim in the pending action. We agree.
*246 A spouse should not be barred from access to the benefits of the Equitable Distribution Law by being denied procedural remedies to which he or she is unconditionally entitled under the CPLR. (Battaglia v Battaglia, 59 NY2d 778, revg on dissent below 90 AD2d 930.) Specifically, CPLR 3019 provides that all counterclaims are “permissive” and a party may assert his or her claim against the plaintiff as a counterclaim or may bring a separate suit. (Siegel, Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR C3019:2, p 216.) Thus, defendant could have commenced an independent action for divorce after July 19, 1980, rather than interposing a counterclaim in the pending action. Defendant’s failure to commence a separate action for divorce at the time the answer and counterclaim were interposed, after the new statute became effective, constituted a tactical error of form, not substance, and should not bar her from access to the benefits of the Equitable Distribution Law.
Nor do our holdings in Valladares v Valladares (55 NY2d 388), Tucker v Tucker (55 NY2d 378), Zuckerman v Zuckerman (56 NY2d 636) and Pollack v Pollack (56 NY2d 968) require a different result. In Valladares, the defendant wife served her answer prior to the effective date of the statute and then moved after the new statute became effective to amend her answer to assert a counterclaim for divorce and demand equitable distribution. Defendant was allowed to amend the answer to add her counterclaim for divorce, but the demand for equitable distribution was denied. The issue of whether a party, as in this case, may institute an independent action after the effective date of the Equitable Distribution Law and invoke the new law, when a marital action has already been commenced by the opposing party prior to the effective date of the new law, was expressly left open. {Id., at p 393, n 3.)
In Tucker, Pollack and Zuckerman, the moving party commenced the action for divorce prior to the effective date of the statute and then, after the effective date, sought an order of discontinuance. We held that in view of the express legislative intent not to make the new law applicable to actions pending before July 19, 1980, there was no justification for the exercise of judicial discretion, and that such motions must be denied.
*247 Here, however, defendant did not initiate the original action, nor did she respond to the complaint before the new law took effect. Indeed, plaintiff commenced this action just two days before the new law took effect and the Appellate Division cogently viewed this as “an obvious effort [by plaintiff] to preclude defendant from the benefits of equitable distribution.” (92 AD2d, at p 964.) Under these circumstances, and in the absence of a showing that substantial rights have accrued or the plaintiff’s rights would be prejudiced thereby (Siegel, New York Practice, § 297, p 353), it cannot be said that the courts below abused their discretion in granting leave to discontinue defendant’s counterclaim asserted after July 19,1980, for the conceded purpose of commencing a separate action for divorce and obtaining the benefits of the expanded property provisions of the Equitable Distribution Law.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed, with costs. Question certified answered in the affirmative.