## Norfolk
EVELYN DARNELLE CALAMOS

v.

NICHOLAS GEORGE CALAMOS, JR.

No. 0959-85

Decided March 17, 1987

COUNSEL

David F. Peterson (Hicks, Baker and Peterson, on brief), for appellant.

Walter Jervis Sheffield, for appellee.

OPINION

**KEENAN, J.** — Evelyn D. Calamos (wife) appeals from a final decree in which the trial court ruled that it did not have authority to apply the provisions of Code § 20-107.3, the "equitable distribution" statute, to her suit for divorce. The court found that because the wife had sought affirmative relief in a prior divorce action filed by Nicholas G. Calamos, Jr. (husband) on June 30, 1982, she waived her right to file a subsequent action covering the same subject matter. Based upon our review of the record, we find that the prior suit filed by the husband, and affirmatively responded to by the wife, was litigation pending prior to enactment of Code § 20-107.3, thereby precluding the wife's later suit requesting relief under that section.[1]

The wife also appeals the court's rulings with regard to spousal and child support. Upon review of these matters, we find that the court did not abuse its discretion in making these awards. Accordingly, we affirm the decision of the trial court.

In his bill of complaint for divorce filed on June 30, 1982, the husband alleged a one-year separation. The wife filed an answer on July 27, 1982, requesting a divorce based on a one-year separation as well as a lump sum payment pursuant to Code § 20-107, occupancy of the marital residence, custody of the children, periodic spousal and child support, and attorney's fees. On September 21, 1982, the wife filed a request for production of documents. She also answered the husband's request for production of documents filed on October 1, 1982.

---

[1] In enacting Code § 20-107.3, the legislature mandated that the provisions of this section "shall not affect any pending litigation." 1982 Va. Acts ch. 309 cl.3.

On May 11, 1983, the wife filed a bill of complaint for divorce. In this pleading, she alleged a one-year separation, requested spousal and child support, and asked the court to "decree as to the property of the parties pursuant to [Code] Section 20-107.3."

The husband filed an answer to the wife's bill of complaint requesting that it be dismissed. He alleged that the only purpose of her suit was to gain the benefit of Code § 20-107.3, which became effective on July 1, 1982. He further argued that divorce action between the parties was based on facts which were entirely alleged in his previous suit filed with the court "in a manner which should be governed under the old provisions of § 20-107 of the Code of Virginia."

On March 14, 1985, after reviewing the argument and authorities presented, the trial court, by memorandum opinion, ruled that former Code § 20-107 governed the case. The court stated:

> Although the act of Mr. Calamos in filing his suit would squeeze under the deadline and does seem to permit him to control the jurisdiction of the court in this case, there appears to be no authority to deny him that right. It must therefore be held that the authority of Code Section 20-107 applies in this case and prevents the court from applying the Equitable Distribution Statute.

The court further reasoned:

> The answer which Mrs. Calamos filed [on July 27, 1982] clearly contemplates that her then husband's future financial obligations to her would be based upon the old law and no relief under Section 20-107.3 was sought.

The wife argues that the trial court erred in dismissing her bill of complaint and should have awarded her relief pursuant to Code § 20-107.3. She acknowledges that Code § 20-107.3 could not affect litigation pending on July 1, 1982; however, she contends that because her May 13, 1983 bill of complaint was not pending on July 1, 1982, the trial court had jurisdiction to make an award under Code § 20-107.3. In support of her argument, the wife relies on *Motler v. Motler*, 60 N.Y.2d 244, 469 N.Y.S.2d 586, 457 N.E.2d 691 (1983).

In *Motler*, the husband filed a divorce action two days before the New York equitable distribution statute took effect. The wife

answered the suit and asserted a counterclaim. The trial court granted the wife's subsequent motion to discontinue her counterclaim for the conceded purpose of instituting a separate action requesting equitable distribution. On appeal, the court affirmed, finding no showing that substantial rights had accrued or that the husband would be prejudiced by the discontinuance of the wife's counterclaim. *Id.* at 247, 469 N.Y.S.2d at 588, 457 N.E.2d at 693.

Although the facts before us are very similar to those presented in *Motler*, we believe that the transition provision of former Code § 20-107.1 compels a different conclusion. The legislature specifically provided that "the provisions of this act shall not affect any pending litigation." 1982 Va. Acts ch. 309 cl.3. The husband's suit, filed on June 30, 1982, remained pending on July 1, 1982, the date that former Code § 20-107.1 *et seq.* first took effect. Clearly then, his suit was "pending litigation" as contemplated by the enactment statute.

In addition to filing an answer in her defense on July 27, 1982, the wife chose to seek affirmative relief in her response to the husband's bill of complaint. After requesting a divorce based on one-year separation, she asked for lump sum and periodic spousal support, invoking the jurisdiction of the court under former Code § 20-107. She also requested custody of the children, child support, occupancy of the marital home, and attorney's fees. We find that by seeking affirmative relief in this manner, the wife voluntarily placed the adjudication of all of her rights incident to the divorce squarely within the context of "pending litigation." Therefore, under the facts presented here, she was not entitled to file a subsequent divorce action based upon the same facts.

We next consider the wife's argument that the court abused its discretion in making its award of child and spousal support. The court ordered the husband to make the mortgage payments on the marital home for the benefit of the wife and children. No spousal support, as such, was awarded to the wife, but the court stated: "[S]he is entitled to receive its equivalent in the figure necessary for Mr. Calamos to pay her portion of the monthly mortgage payment and the decree may refer to this provision as being in lieu of alimony for tax purposes."

The wife argues that the court failed to consider all of the factors which are required to be considered under either former Code § 20-107 or the present Code § 20-107.1. We disagree. This court, in *Woolley v. Woolley*, 3 Va. App. 337, 349 S.E.2d

422 (1986), stated:

> The requirement that the trial court consider all of the statutory factors necessarily implies substantive consideration of the evidence presented as it relates to all of these factors. This does not mean that the trial court is required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors. It does mean, however, that the court's findings must have some foundation based on the evidence presented.

*Id.* at 345, 349 S.E.2d at 426.

Our review of the record and the court's ruling convinces us that the court gave due consideration to each of the statutory factors. Where this is true, we will not disturb a trial court's decision regarding spousal support unless there has been a clear abuse of discretion. *Id.; see Thomasson v. Thomasson,* 225 Va. 394, 398, 302 S.E.2d 63, 66 (1983). We find no abuse of discretion here.

Regarding the issue of child support, the court ordered the husband to pay fifty dollars ($50) per child, per week. This amount was twice what the husband had been ordered to pay by the juvenile and domestic relations court. In addition, the court ordered the husband to pay the medical and dental expenses of the children, as well as to maintain medical insurance for them. The parties were held jointly reponsible for the children's private school tuition.

The wife argues that the amount of child support awarded to her was inadequate despite the increase over the amount awarded by the juvenile and domestic relations court. We are satisfied, however, that the court's award was determined upon consideration of all the relevant factors. No abuse of discretion appears from the record and we will, therefore, not disturb the court's ruling with regard to child support. *See D'Auria v. D'Auria,* 1 Va. App. 455, 461, 340 S.E.2d 164, 168 (1986).

In summary, we find that the trial court acted properly in denying the wife relief under Code § 20-107.3, and that the court did not abuse its discretion in setting the amounts of child support and spousal support. Accordingly, the decree of the trial court is hereby affirmed.

*Affirmed.*

Benton, J., and Hodges, J., concurred.