COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Annunziata and Overton
Argued at Richmond, Virginia


EDWARD R. CUSHEN
                                    MEMORANDUM OPINION[*] BY
v.       Record No. 1030-97-4      JUDGE NELSON T. OVERTON
                                       AUGUST 18, 1998
JANICE J. CUSHEN


              FROM THE CIRCUIT COURT OF FREDERICK COUNTY
                        James L. Berry, Judge

            Frederick S. Vondy (Adrian & Vondy, P.L.C.,
            on brief), for appellant.

            Peter W. Buchbauer (James J. McGuire;
            Buchbauer & McGuire, P.C., on brief), for
            appellee.


     Edward R. Cushen (husband) appeals from a decree of divorce

a vinculo matrimonii granted to him and Janice J. Cushen (wife)

on March 26, 1997.  He asserts two errors on appeal:  (1) the

trial court should have found wife deserted him and granted him

the divorce on that basis and (2) the trial court should have

refused to award wife spousal support.  Wife contests these

issues and requests the court award her attorney's fees and costs

incurred for this appeal.  Because we find no error by the trial

court, we affirm its decree and grant wife her attorney's fees

and costs.

     The parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedental

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

value, no recitation of the facts is necessary.

Husband's first contention is the trial court should have granted the divorce based on wife's desertion, pursuant to Code § 20-95, instead of living separate and apart for more than a year, pursuant to Code § 20-91(9)(a). The choice of divorce grounds is submitted to the sound discretion of the trial court and will be affirmed absent an abuse of that discretion. See Konefal v. Konefal, 18 Va. App. 612, 613-14, 446 S.E.2d 153, 153 (1994). At trial, the parties proved they lived separate and apart, without any cohabitation and without interruption for a period of more than one year. Assuming, arguendo, husband also proved desertion, the fact is irrelevant. "'Where dual or multiple grounds for divorce exist, the trial judge can use . . . sound discretion to select the grounds upon which . . . to grant the divorce.'" Sargent v. Sargent, 20 Va. App. 694, 707, 460 S.E.2d 596, 602 (1995) (quoting Lassen v. Lassen, 8 Va. App. 502, 505, 383 S.E.2d 471, 473 (1989)). Because there is evidence to support the court's chosen ground for divorce, we shall not disturb it on appeal.

Husband next contends the trial court should not have awarded wife spousal support. He provides two reasons for this contention. First, he states evidence of wife's desertion should have precluded an award of spousal support under Code § 20-107.1. This argument has no merit. The trial court refused to find wife deserted husband. To turn around and deny or reduce spousal

support on the basis of a finding it implicitly rejected would have been error. The court was entitled to proceed to the statutory factors of Code § 20-107.1 to determine the amount of support.

Husband next asserts the trial court incorrectly weighed these factors. We will not, as husband invites, reweigh each statutory factor in the light most favorable to husband. When the record discloses that the trial court considered all of the statutory factors, the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion. See Calamos v. Calamos, 4 Va. App. 96, 100, 354 S.E.2d 102, 105 (1987). The trial court's decree clearly indicates it considered all the statutory factors, even going so far as to distinguish which factors favored which party, something it was not required to do. See id. Because the evidence supports the trial court's conclusions regarding those factors, they shall not be disturbed.

Finally, husband argues the trial court should have imputed income to wife because she was voluntarily unemployed. See Srinivasan v. Srinivasan, 10 Va. App. 728, 734, 396 S.E.2d 675, 679 (1990). Husband did not, however, introduce evidence that imputation of income was warranted. The record reveals wife had not worked as a full time nurse since 1991 and has had only temporary or volunteer positions since then. Husband did not present evidence of job availability in her field, the effect of her long departure from the work force on her ability to obtain a

job or her potential earnings.  Further, the custody arraignment to which husband agreed places the children with wife during week days.  Husband did not introduce evidence that nursing positions were available which allowed her the time to both work and fulfill her responsibilities as the primary custodian of their children.  Because the record is practically devoid of the information necessary to impute income to wife, we affirm the trial court's refusal to do so.  See Sargent, 20 Va. App. at 703-04, 460 S.E.2d at 600-01.

The final issue to be considered is wife's costs of appeal.  She asserts the appeal was undertaken for vexatious reasons, not from a belief the questions presented merited appellate attention.  She claims the issues are easily determined under existing law and no argument has been made for a change in that law.  She asks that this Court reimburse her, and penalize husband, for the time and money she has wasted addressing husband's aggravating appellate attack.

"The key to a proper award of counsel fees is reasonableness under all the circumstances." Lightburn v. Lightburn, 22 Va. App. 612, 621, 472 S.E.2d 281, 285 (1996) (citing McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985)).  The legal issues in this appeal are easily disposed of by reference to existing law.  Sargent v. Sargent, cited above, alone would have been enough to inform husband his appeal lacked merit.  Yet husband continued to press his case upon this Court.  We find

wife should be compensated for the expenses incurred refuting husband's unjustified appeal.  See, e.g., O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996); Gottlieb v. Gottlieb, 19 Va. App. 77, 95-96, 448 S.E.2d 666, 677 (1994).

Because the record entirely supports the lower court's determinations of divorce grounds and spousal support, we affirm.  "Where the . . . judge finds that a fee award is justified, evidence of time expended and services rendered is a proper basis upon which to fix an award."  Westbrook v. Westbrook, 5 Va. App. 446, 458, 364 S.E.2d 523, 530 (1988).  We, therefore, remand the case to the circuit court for a determination of wife's costs and attorney's fees incurred as a result of this appeal and entry of an award in her favor for that amount.  See O'Loughlin, 23 Va. App. at 694-95, 479 S.E.2d at 99-100.

Affirmed and remanded.