COURT OF APPEALS OF VIRGINIA


Present:  Judges Kelsey, Petty and Senior Judge Bumgardner


WILLIAM L. GIBBS, SR.

                                                          MEMORANDUM OPINION[*]
v.        Record No. 1613-07-4                              PER CURIAM
                                                          FEBRUARY 12, 008
SUE A. GIBBS


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
LeRoy F. Millette, Jr., Judge

(Gregory A. Porter, on brief), for appellant.

(Margaret M. DeWilde, on brief), for appellee.


        William L. Gibbs, Sr. (husband) appeals from the circuit court's June 8, 2007 final decree,

granting Sue A. Gibbs (wife) a divorce.  On appeal, husband contends the trial court abused its

discretion 1) by imputing income to him on his assets while not imputing income to wife on her

assets, and 2) in ordering him to pay wife $362 per month in spousal support.  Upon reviewing the

record and briefs, we conclude that this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  See Rule 5A:27.

                                        BACKGROUND

        "On appeal, we construe the evidence in the light most favorable to [wife], the prevailing

party below, granting to [her] evidence all reasonable inferences fairly deducible therefrom."

Donnell v. Donnell, 20 Va. App. 37, 39, 455 S.E.2d 256, 257 (1995).

        The parties married on May 14, 1968 and separated on March 7, 2006.  The trial court

awarded wife a divorce based upon husband's cruelty in a final decree dated June 8, 2007.  Pursuant

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

to their separation agreement, husband retained as his separate property a certificate of deposit with an approximate balance of $21,000, a checking account containing approximately $90,000, and other assets totaling approximately $131,500, in addition to receiving half the value of the marital residence and his pension account.

The trial court determined wife's income was $1,385 per month and husband's was $1,600 per month. Based on interest he could earn on his assets, the trial court imputed income to husband of $657.50 per month. Husband presented an income and expense sheet demonstrating he had a monthly deficit of $786. Wife explained her monthly deficit was $5,676.23. In the final decree, the trial court ordered husband to pay wife permanent spousal support in the amount of $362 per month.

ANALYSIS

I.

Husband correctly notes that although the trial court must consider the provisions made with regard to the marital property under Code § 20-107.3 in fashioning spousal support, it is improper for a trial court to treat assets as income. Barker v. Barker, 27 Va. App. 519, 500 S.E.2d 240 (1998).

However, in this case, the trial court imputed income to husband on interest he could earn from investing his assets and specifically noted it would not require husband to deplete his assets to pay the support obligation. Finding husband had approximately $131,500 in assets that he could invest, the court imputed income to husband at six percent interest per annum on that amount. The court acknowledged that husband "can't be required to use the assets to pay spousal support but he can certainly earn about six percent on those assets" and that his ability to pay spousal support "stems from a reasonable return on an investment on the assets that he does have."

Husband cites Miller v. Cox, 44 Va. App. 674, 607 S.E.2d 126 (2005), to support his contention that "[i]f the court is going to consider the parties' assets in awarding spousal support,

then the assets of both parties should be taken into account." Husband's reliance on Miller is misplaced. In Miller, this Court held the trial court correctly considered the parties' established savings plan in crafting the spousal support award.

Here, the trial court specifically noted it considered both parties' assets and incomes, along with all the other factors in Code § 20-107.1, in determining wife's need for spousal support and husband's ability to pay. The trial court explained wife's assets were limited to her interest in the marital residence, money in a CD account, and a very limited retirement account. The court noted wife's interest in the residence was intangible and that "[s]he certainly can't do anything with that." On the other hand, husband had liquid assets he could easily invest. We find no abuse of discretion with the trial court's imputation of income to husband.

To the extent husband argues "the trial court's selection of 6% as a reasonable rate of return was arbitrary, and based on speculation," we note husband not only did not object to the use of a six percent return before the trial court, but that it also appears he had suggested the figure to the court himself.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this question on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

> "Whether and how much spousal support will be awarded is a matter of discretion for the trial court." Barker v. Barker, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998). "'In fixing the amount of the spousal support award, . . . the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion. We will reverse the trial court only when its discretion is plainly wrong or without evidence to support it.'" Moreno v. Moreno, 24 Va. App. 190, 194-95, 480 S.E.2d 792, 794 (1997).

Northcutt v. Northcutt, 39 Va. App. 192, 196, 571 S.E.2d 912, 914 (2002); see also Huger v. Huger, 16 Va. App. 785, 791, 433 S.E.2d 255, 259 (1993).

When the trial judge "awards spousal support based upon due consideration of the factors enumerated in Code § 20-107.1, as shown by the evidence, its determination 'will not be disturbed except for a clear abuse of discretion.'" Dodge v. Dodge, 2 Va. App. 238, 246, 343 S.E.2d 363, 367 (1986) (quoting Thomasson v. Thomasson, 225 Va. 394, 398, 302 S.E.2d 63, 66 (1983)).

In making a spousal support determination, a trial judge must consider all the factors listed in Code § 20-107.1. Failure to do so is grounds for reversal. Woolley v. Woolley, 3 Va. App. 337, 344, 349 S.E.2d 422, 426 (1986). "'The requirement that the trial court consider all of the statutory factors necessarily implies substantive consideration of the evidence presented as it relates to all of these factors.'" Calamos v. Calamos, 4 Va. App. 96, 100, 354 S.E.2d 102, 105 (1987) (quoting Woolley, 3 Va. App. at 345, 349 S.E.2d at 426). The trial judge is not required, however, to specify exactly what consideration he or she gave to each statutory factor. Id. A trial judge's findings must have a basis in the record. If they do not, "the court has abused its discretion." Woolley, 3 Va. App. at 345, 349 S.E.2d at 426.

The trial court announced it considered all the statutory factors and noted that based on the length of the parties' marriage, husband's fault in the dissolution of the marriage, wife's needs, and husband's ability to pay, the evidence warranted the support award. The record

supports the court's determination, and we find no abuse of discretion in its spousal support award.

Accordingly, the judgment of the trial court is summarily affirmed.

<u>Affirmed.</u>