COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Senior Judge Willis


JOHN VICTOR DRITSELIS

                                                MEMORANDUM OPINION*
v.        Record No. 1498-07-3                        PER CURIAM
                                                    MARCH 18, 2008
MARY TSAKIRES DRITSELIS


                FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                              Jonathan M. Apgar, Judge

              (Terry N. Grimes, on briefs), for appellant.

              (William C. Maxwell; Osterhoudt, Prillaman, Natt, Helscher, Yost,
              Maxwell & Ferguson, PLC, on brief), for appellee.


        John Victor Dritselis (husband) appeals from the circuit court's May 23, 2007 order granting

his motion for an award of spousal support and requiring Mary Tsakires Dritselis (wife) to pay him

support and maintenance in the amount of $1,200 a month.  On appeal, husband contends (1) the

trial "court's spousal support award of $1,200 per month and attorney's fees was inadequate given

the respective incomes and expenses of the parties," and (2) "the trial court erred by finding as a

matter of fact that Dr. Cametas gave to [husband] the sum of $200,000 or any sum whatsoever for

which no repayment is required, and whether the evidence concerning [husband's] living expenses

was inadequate."  Wife asserts the trial court erred in making spousal support retroactive to July

1, 2004.  She also requests attorney's fees and costs associated with this appeal.  Upon reviewing

the record and briefs, we conclude that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  See Rule 5A:27.


_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

We view the evidence, and all reasonable inferences flowing from the evidence, in a light most favorable to wife as the party prevailing below. Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003). "That principle requires us to 'discard the evidence' of the appellant which conflicts, either directly or inferentially, with the evidence presented by the appellee at trial." Id. (quoting Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002)).

The parties married in 1962. In 1991 the parties entered into a separation agreement in which husband conveyed his interest in certain real property to wife. In Dritselis v. Dritselis, Record Nos. 2790-04-3 and 0239-05-3 (Va. Ct. App. Nov. 8, 2005), we held that the parties' settlement agreement was valid "and that the trial court properly rejected the husband's challenges to it." However, we reversed the trial court's refusal "to allow husband to amend his bill of complaint and request spousal support or a reservation of future support."

At a January 5, 2007 hearing, the trial court heard extensive evidence regarding the parties' financial positions and husband's need for support. Husband established he receives $797 monthly through Social Security. Husband claimed his monthly expenses exceed $4,500. The court indicated "there is slim evidence on what specific amount [husband] actually needs," but concluded his Social Security income "is insufficient" to meet his "vague" financial needs.

The evidence established wife received rental property income near or exceeding $200,000 annually. Her tax returns state her income after interest and other expenses was approximately $80,000 a year. Wife provided a detailed account of her business and personal expenses in her testimony.

Husband testified that Dr. John Cametas, his cousin, has given him money "to help [him] make ends meet." Husband indicated he "would like to pay it back." Husband divides his time

between Richmond, Virginia and Athens, Greece. He explained he lives in houses owned or

rented by Cametas and that he maintains the properties while staying in them. He has no written

or formal agreement with Cametas and denied that Cametas allows him to live in the homes

rent-free in exchange for maintaining the properties. Cametas testified that although he does not

anticipate ever being repaid the $200,000 he has loaned to husband, he does "want to get paid."

Following the hearing, the trial court awarded husband spousal support in the amount of

$1,200 per month retroactive to July 1, 2004. The court further awarded husband attorney's fees

in the amount of $12,000.

ANALYSIS

I.

> "Whether and how much spousal support will be awarded
> is a matter of discretion for the trial court." Barker v. Barker, 27
> Va. App. 519, 527, 500 S.E.2d 240, 244 (1998). "'In fixing the
> amount of the spousal support award, . . . the court's ruling will not
> be disturbed on appeal unless there has been a clear abuse of
> discretion. We will reverse the trial court only when its decision is
> plainly wrong or without evidence to support it.'" Moreno v.
> Moreno, 24 Va. App. 190, 194-95, 480 S.E.2d 792, 794 (1997).

Northcutt v. Northcutt, 39 Va. App. 192, 196, 571 S.E.2d 912, 914 (2002); see also Huger v.

Huger, 16 Va. App. 785, 791, 433 S.E.2d 255, 259 (1993).

When the trial judge "awards spousal support based upon due consideration of the factors

enumerated in Code § 20-107.1, as shown by the evidence, its determination 'will not be

disturbed except for a clear abuse of discretion.'" Dodge v. Dodge, 2 Va. App. 238, 246, 343

S.E.2d 363, 367 (1986) (quoting Thomasson v. Thomasson, 225 Va. 394, 398, 302 S.E.2d 63, 66

(1983)).

In making a spousal support determination, a trial judge must consider all the factors

listed in Code § 20-107.1. Failure to do so is grounds for reversal. Woolley v. Woolley, 3

Va. App. 337, 344, 349 S.E.2d 422, 426 (1986). "'The requirement that the trial court consider

all of the statutory factors necessarily implies substantive consideration of the evidence presented as it relates to all of these factors.'" Calamos v. Calamos, 4 Va. App. 96, 100, 354 S.E.2d 102, 105 (1987) (quoting Woolley, 3 Va. App. at 345, 349 S.E.2d at 426).  The trial judge is not required, however, to specify exactly what consideration he or she gave to each statutory factor. Id.  A trial judge's findings must have a basis in the record.  If they do not, "the court has abused its discretion."  Woolley, 3 Va. App. at 345, 349 S.E.2d at 426.

The trial court announced it considered all the statutory factors and concluded husband established a need for support and that wife has the ability to pay.  The record supports the court's determination, and we find no abuse of discretion in its spousal support award.

II.

In support of his second question presented, husband asserts that "although it is not clear that the trial court found specifically that Dr. Cametas gave to [husband] the sum of $200,000 for which no repayment was required, the evidence compels a finding that Dr. Cametas *loaned*, and did not give, the money to [husband]."

In its opinion letter, the trial court noted it found "that the large amounts of money given by [Cametas] to [husband] were transferred with no real expectation of repayment."  Although Cametas testified he wanted to be repaid, he acknowledged he did not anticipate husband would pay him back.  The court concluded husband did "not have any real $200,000 debt liability for which repayment is required, or which figures into his finances."

"It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to [a witness'] testimony, and has the discretion to accept or reject any of the witness' testimony."  Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc)*.  "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the

- 4 -

credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). Thus, we find no error with the court's factual finding that no real liability existed.

To the extent husband argues "the evidence concerning [his] living expenses was inadequate," we note the trial court concluded that "despite the monthly budget of [husband] . . . there is slim evidence on what specific amount [he] actually needs." The trial court found husband's "projected budget of future financial need (in his exhibit 13) is more fiction than fact." The trial court considered husband's budgetary evidence and found it incredible and unworthy of belief. As noted above, determinations of credibility and weight of the evidence fall within the discretion of the trier of fact. See Anderson v. Anderson, 29 Va. App. 673, 687, 514 S.E.2d 369, 376 (1999) ("the trier of fact determines the credibility and weight of the evidence"); Parish v. Spaulding, 26 Va. App. 566, 575, 496 S.E.2d 91, 95 (1998) ("it is well settled that issues of credibility and the weight of the evidence are within the unique province of the trier of fact"). "This Court will not substitute its judgment for the trial court's determination . . . ." Parish, 26 Va. App. at 575, 496 S.E.2d at 95. We therefore affirm its finding regarding husband's actual financial needs.

### III.

Husband asserts the trial court abused its discretion in awarding him only a portion of the attorney's fees he has incurred. He argues only that "[g]iven the economic disparity of the parties, [he] requests entry of an order compelling [wife] to pay all of his attorney's fees and costs." He claims he has incurred over $88,000 in attorney's fees and costs "in an effort to obtain some reasonable amount of spousal support."

We review an award of attorney's fees for an abuse of discretion. See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). Based on the circumstances and equities of this case, we cannot say the trial court abused its discretion in making this award.

IV.

Wife asserts the trial court erred in making spousal support retroactive to July 1, 2004.

Wife correctly notes that "[f]undamental rules of pleading provide that no court can base its judgment or decree upon a right which has not been pleaded and claimed." Boyd v. Boyd, 2 Va. App. 16, 18, 340 S.E.2d 578, 580 (1986).

Code § 20-107.1(A) provides that, upon entry of a decree for a divorce, "the court may make such further decree as it shall deem expedient concerning the maintenance and support of the spouses." This statutory grant of authority means that "[d]ecisions regarding 'spousal . . . support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence.'" Konefal v. Konefal, 18 Va. App. 612, 614, 446 S.E.2d 153, 154 (1994) (quoting Floyd v. Floyd, 17 Va. App. 222, 224, 436 S.E.2d 457, 458 (1993)). Moreover, the Supreme Court and this Court have repeatedly held "that the time permanent [spousal support] shall commence is within the sound discretion of the court and *may* be made effective as of the date of the commencement of the suit." Lawrence v. Lawrence, 212 Va. 44, 47, 181 S.E.2d 640, 642 (1971); see also Young v. Young, 215 Va. 125, 126, 107 S.E.2d 825, 825 (1974) (per curiam); Konefal, 18 Va. App. at 614, 446 S.E.2d at 154; Weizenbaum v. Weizenbaum, 12 Va. App. 899, 904, 407 S.E.2d 37, 40 (1991).

Following remand, the trial court entered a decree permitting husband to file an amended bill of complaint. On March 27, 2006, husband filed the amended complaint seeking temporary and permanent spousal support and attorney's fees and costs. Although husband had not filed a pleading requesting an award of spousal support beginning July 1, 2004, the only reason that

such relief was not requested was because the trial court did not allow him to file an amended pleading requesting that relief. This Court reversed the trial court's refusal and remanded the case for the trial court to allow husband to file his amended pleading. Had the trial court not erred, husband would have requested support on July 1, 2004. Thus, the trial court permissibly awarded spousal support retroactive to the date of the denial of husband's initial motion to amend his bill of complaint. The retroactive award was within the court's discretion and consistent with the mandate on remand.

V.

Wife requests costs and attorney's fees for matters relating to this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). In this context, and upon consideration of the entire record in this case, we hold that wife is not entitled to costs or attorney's fees in the matter.

Accordingly, the judgment of the trial court is summarily affirmed.

Affirmed.