OPINION OF THE COURT
Anthony J. Falanga, J.
Plaintiff husband in action No. 1, moves by order to show cause for an order, pursuant to CPLR 602 (a), consolidating ac *518 tion No. 2 into action No. 1. Both action No. 1 and action No. 2 are matrimonial actions but action No. 1 was filed on July 27, 2010, while action No. 2 was filed on October 22, 2010, after the effective date of the new matrimonial legislation, effective on October 12, 2010. The circumstances presented raise issues with respect to the newly enacted no-fault ground for divorce (Domestic Relations Law § 170 [7]), which is applicable to all actions commenced on or after October 12, 2010, as well as Domestic Relations Law §§ 236 and 237 mandates with respect to the granting of temporary support and counsel fees.
Marital and Litigation History
The parties were married on October 4, 1992. The wife is 48 and the husband is 52 years old. The parties have three children: D.C., born September 1, 1997 (age 13), A.C., born July 3, 2000 (age 10) and N.C., born February 17, 2003 (age 7).
The parties and the children reside together in the marital residence, located in Cedarhurst, New York, purchased on May 11, 2000 for $945,000. There is no outstanding mortgage on the residence. Title to the premises is in the name of the husband and the wife.
The wife has a Master’s degree in journalism, attained in 1990 and is presently a homemaker. The husband is a physician and earned his medical degree in 1983. He has monthly gross W-2 income of $15,833, and is employed by A, A, of Westchester, PC.
A preliminary conference was held on January 12, 2011. Pursuant to the so-ordered preliminary conference stipulation, the parties agreed that the husband would pay the carrying charges on the marital residence pendente lite, including utilities, real estate taxes and homeowner’s insurance and would maintain health insurance for the entire family and pay uncovered health expenses, provided the wife uses in-network providers. Additionally, it was agreed that the husband would maintain the existing life insurance policy with a $500,000 death benefit. Grounds was not resolved at the preliminary conference and the parties agreed to attend the Parent Education and Custody Effectiveness (EE.A.C.E.) Program. The appointment of a real estate appraiser to appraise the marital residence was deferred; however, by separate order, Mark S. Gottlieb, CPA, PC, was appointed to value the husband’s interest in the medical practice, with the cost to be paid 100% by the husband, subject to reallocation at trial.
*519 The wife paid a retainer of $15,000 with funds claimed to be premarital. The husband paid a retainer of $11,000 with funds from marital savings.
On July 27, 2010, the husband commenced action No. 1 for divorce by filing a summons and verified complaint with the Nassau County Clerk. When an objection to service was raised by the wife’s counsel, in an abundance of caution, the husband’s counsel served the wife a second time, both times within the 120-day service period measured from the date of filing. It is asserted, without objection, that the wife was served on October 26, 2010 and issue was joined on November 15, 2010. The summons and verified complaint allege constructive abandonment as the ground for divorce. The wife’s answer has not been provided to the court.
On October 22, 2010, four days before she was served in the husband’s action, the wife commenced action No. 2 for divorce by filing a summons with notice, only, with the Nassau County Clerk, which was served on October 23, 2010. Counsel for the husband served a notice of appearance, dated October 25, 2010. The wife seeks a divorce based upon Domestic Relations Law § 170 (7), the new no-fault ground where a marriage is “irretrievably [broken] for a period of at least six months.”
On the instant motion, the husband seeks consolidation of the wife’s subsequently filed action into the husband’s action for divorce, pursuant to CPLR 602 (a), and asserts that consolidation is appropriate in that both actions seek divorce, resolution of custody, child support, equitable distribution, and other ancillary relief, and involve common issues of law and fact. It is counsel’s position that action No. 2 should be consolidated into action No. 1 because it was commenced first and because both the summons and verified complaint were served. In addition, counsel offers that consolidation is favored and should be granted where, as here, the party opposing consolidation has failed to meet her burden of proof of demonstrating prejudice to a substantial right by the granting of consolidation, citing Maigur v Saratogian, Inc. (47 AD2d 982 [3d Dept 1975]). It is the husband’s position that no prejudice to a substantial right has been shown by the wife because the court will be able to deal with the issues of maintenance and counsel fees even if consolidation is granted.
In opposition to the motion, counsel for the wife states that consolidation herein is improper because both parties would end up as both plaintiff and defendant as a result of the necessary *520 realignment, citing Bass v France (70 AD2d 849 [1st Dept 1979]). Furthermore, the applicable law is different in action No. 2 as a result of the recent amendments to the Domestic Relations Law which are only applicable to actions commenced after October 12, 2010. It is claimed that consolidation of the actions would deny the wife the right to avail herself of the new statutory provisions and would be prejudicial to a substantial right. Counsel for the wife urges that setting the matters down for a joint trial, pursuant to CPLR 602 (a), is a more appropriate remedy, citing Bofinger v Bofinger (107 Misc 2d 573 [Sup Ct, Suffolk County 1981]). In Bofinger, the court was faced with a similar dilemma where one action was commenced prior to the enactment of equitable distribution and one action was commenced after said enactment. The court in Bofinger found that a joint trial rather than consolidation was preferable.
Analysis and Law
The date of commencement is the operative date, not the date of service (CPLR 304), and therefore the husband’s action is first in time notwithstanding that it was served second.
CPLR 602 (a) provides, as follows:
“Generally. When actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all the matters in issue, may order the actions consolidated, and may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.”
Herein, the husband seeks consolidation of the wife’s action into his action, while the wife would have the court direct a joint trial of the issues involved in the pleadings. The distinction is not a trivial one, as stated by Vincent Alexander in the commentary to CPLR 602:
“An order for joint trial . . . leaves the individual actions intact. They are merely brought together in one venue for simultaneous pretrial and trial proceedings. The captions of the individual complaints remain the same, separate verdicts or decisions are rendered, separate judgments are entered and individual bills of costs are taxed.” (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY¡ CPLR C602.-2, at 319 [2006 ed].)
In the instant case, the husband wishes to preserve his priority in time, perhaps for commencement date purposes under eq *521 uitable distribution and the cause of action he has asserted, and that right should not be denied. Similarly, the wife wishes to proceed on her cause of action, either in the event the husband fails on his or, perhaps, under the concept of a dual divorce (see De Marinis v De Marinis, 74 AD2d 815 [2d Dept 1980]). Moreover, she may seek to pursue pendente lite relief under the new statutory guidelines which will only be available to her in action No. 2, commenced after October 12, 2010. A party is not obligated to counterclaim in action No. 1 just because the husband has previously commenced such an action against her. Instead, the wife may assert an independent cause of action in a separate suit (action No. 2) that will not be subject to dismissal on the ground that “there is another action pending between the same parties for the same cause of action” (CPLR 3211 [a] [4]), as long as the relief requested is different from that requested in action No. 1 (see Bofinger v Bofinger, supra). As stated by the Court of Appeals in Motler v Motler (60 NY2d 244 [1983]), under CPLR 3019, counterclaims are permissive and a party may assert her claim against the plaintiff as a counterclaim or by bringing a separate suit. In permitting the wife to withdraw her counterclaim and commence a new action after the passage of the equitable distribution law, the Motler court found that a litigant should not be barred from receiving the benefits of the new law by being denied procedural remedies she is unconditionally entitled to under the CPLR. In the case at bar, the wife has commenced a separate action and she is entitled to pursue her requested relief within said action, without full consolidation.
Based on the foregoing, it is hereby ordered that the husband’s motion to consolidate action No. 1 and action No. 2, pursuant to CPLR 602 (a), is granted to the extent that a joint trial and joint discovery is directed before the same judge, of the issues presented in each parties’ complaint, with the trial of the wife’s action to immediately follow the trial of the husband’s action; and it is further ordered, that the caption shall henceforth read as follows:
............................. Trial/IAS Part 10
A.C., Index No. 10-202115
Plaintiff
against Action #1
D.R. a/k/a D.C.
Defendant
*522 D.R.C.,
Plaintiff Index No. 10-203033
Action #2

against

A.C.
Defendant
and it is further ordered that this matter is bifurcated and a grounds trial in both actions shall be held before the undersigned on April 19, 2011 at 9:30 a.m. A pretrial conference shall be held on March 30, 2011 at 2:00 p.m., at which time the parties and counsel should be prepared to discuss settlement.
All further requested relief not specifically granted is denied.