OPINION OF THE COURT
Daniel Palmieri, J.
On this motion to dismiss on the ground of other action pending (CPLR 3211 [a] [4]), the court is called upon to decide *602 whether a party against whom an action was commenced prior to the effective date of the so-called “no-fault” ground added to Domestic Relations Law § 170 may nonetheless commence his own action on such ground thereafter. The court holds that he can, and accordingly denies the motion.
The relevant facts are simple and undisputed. The parties were married in 1985. On October 1, 2010 Tracy Heinz, the defendant wife in this present case, commenced an action for divorce by the filing of a summons with notice. The grounds for the divorce asserted by the wife were cruel and inhuman treatment (Domestic Relations Law § 170 [1]) and constructive abandonment (Domestic Relations Law § 170 [2]).
On October 12, 2010, Domestic Relations Law § 170 (7) became effective. This new subdivision permits a party to seek a divorce upon a sworn statement by that party that the marital relationship between husband and wife has broken down irretrievably for a period of at least six months. Not surprisingly, this has been referred to as a “true no-fault divorce ground.” (Scheinkman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law C170:21.) Of special interest here, the legislation under which this new section was added provides that “[t]his act shall take effect on the sixtieth day [October 12, 2010] after it shall have become a law and . . . shall apply to matrimonial actions commenced on or after such effective date.” (L 2010, ch 384, § 2.)
Steven Heinz, defendant husband in the action commenced by the wife, commenced the present action by the filing of a summons with notice on November 24, 2010. The ground asserted is irretrievable breakdown of the relationship pursuant to Domestic Relations Law § 170 (7). He appeared as a defendant in the first action by way of a notice of appearance dated December 1, 2010. This present motion by Tracy Heinz to dismiss this second action on the ground that another action is pending then followed.
The wife’s position is simply that the language of the statute means that because she began her case prior to October 12, 2010, a “matrimonial action” had already been commenced and that the new statute therefore cannot apply. The husband’s position is that he was not obligated to counterclaim for divorce, as all counterclaims are permissive, but instead could commence his own action, and when he did the new statute and its ground were available to him. The court agrees with the husband.
A similar situation arose when Domestic Relations Law § 236 (B), the equitable distribution statute, came into existence in *603 1980, with an effective date of July 19, 1980. Parties attempted to utilize, or avoid, the new scheme based upon the commencement of their actions or that of their spouses. In denying a wife permission to amend her answer after July 19 to the extent of requesting equitable distribution, the Court of Appeals noted that the language of the legislation was clear in that it stated that “part B shall be controlling with respect to any action or proceeding commenced on or after such effective date.” (Valladares v Valladares, 55 NY2d 388, 390 n 1, 391 [1982].) Because the action was initiated by the husband beforehand, and the wife’s answer was also served beforehand, the attempt to amend her answer afterwards to seek part B relief was held inconsistent with the clear language cited above. The Court therefore held that part B could not apply. (Id.)
However, the Court expressly left open the question of whether a spouse could initiate an independent action after the effective date of the equitable distribution statute, where an action had already been commenced by the opposing party. It answered that question in the affirmative in Motler v Motler (60 NY2d 244 [1983]). The Court noted that CPLR 3019 provided that all counterclaims are permissive, and a defendant in a matrimonial action therefore could assert a claim against the other spouse either as a counterclaim or in a separate suit. Indeed, in Motler, the defendant wife had interposed an answer with counterclaim which did not seek part B relief, and then sought to discontinue the counterclaim in favor of a new action under the new statute. However, her answer and counterclaim had both been served after the effective date of the new law. For that reason, the Court deemed her failure to start a new action instead of asserting a counterclaim in her husband’s action a tactical error of form, and not of substance.
In permitting the interposition of the new action it distinguished the case from Valladares, and several others in which parties had sought to discontinue actions commenced prior to the effective date of the equitable distribution statute for the purpose of commencing a new case afterwards. The Court had not permitted this tactic “in view of the express legislative intent not to make the new law applicable to actions pending before July 19, 1980.” (Id. at 246; see Pollack v Pollack, 56 NY2d 968 [1982]; Zuckerman v Zuckerman, 56 NY2d 636 [1982]; Tucker v Tucker, 55 NY2d 378 [1982].) In Motler, however, the party seeking to commence the new action was not the plaintiff in the earlier suit, and thus was not attempting to circumvent *604 the Legislature’s determination by undoing what she herself had begun.
This court can find no reason in law or logic to depart from the teachings of the foregoing authority. The language regarding the applicability of part B, and the new subdivision (7) of Domestic Relations Law § 170, to actions commenced “on or after such effective date” is the same, and the law of permissive counterclaims has not changed. Moreover, in the present case the wife acknowledges that the husband was served with the summons with notice on November 22, 2010. This means that no jurisdiction over his person had been acquired, and no appearance in her action could even occur, before the new statute came into effect. This makes the husband’s position that there was no impediment to the commencement of his action all the stronger. In any event, the result here would be the same even if a counterclaim in the pending action had been asserted and discontinued, as in Motler.
Finally, the court disagrees with the defendant wife that the plaintiffs opposition should be disregarded because it did not contain an affidavit of the plaintiff, but only the affirmation of his attorney. The facts necessary to decide this motion were procedural in nature, and clearly were within the firsthand knowledge of counsel.
Accordingly, the court holds that the plaintiff husband’s action seeking a divorce pursuant to Domestic Relations Law § 170 (7) was properly commenced. Thus, because the pendency of an action by one spouse does not, by itself, bar an action by the other spouse on a different ground or grounds, the wife’s motion to dismiss is denied. (Graev v Graev, 219 AD2d 535 [1st Dept 1995].) The parties are reminded of the need to interpose answers in their roles as defendants. (See CPLR 3211 [f].)